FILED
SUPERIOR COURT
OF GUAM

2021 DEC 14 PM 2:53

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0172-21 |
| Plaintiff, | ) |
| | ) |
| vs. | ) DECISION & ORDER |
| | ) DEFENDANT'S MOTION TO COMPEL |
| GERARD DANIEL PEREZ, | ) DISCOVERY |
| *aka* Gerald Daniel Perez, | ) |
| DOB: 08/21/1982 | ) |
| | ) |
| Defendant. | ) |

## I.     Introduction

This matter came before the Honorable Maria T. Cenzon on September 28, 2021 for hearing on Defendant Gerard Daniel Perez's ("Defendant's") Motion to Compel Discovery ("Motion"). Assistant Attorney General Alysa Draper-Dehart represented the People of Guam (the "People"), and Attorney Zachary Taimanglo represented the Defendant. During the hearing on Defendant's Motion, the Court Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and GRANTS in Part and DENIES in Part Defendant's Motion to Compel Discovery.

## II.     Background

On April 9, 2021, Defendant was charged pursuant to Indictment with Terrorizing (as a 3rd Degree Felony) with the Special Allegation: Possession or Use of a deadly weapon in the course of a felony; No Firearms ID (as a 3rd Degree Felony); Family Violence (as a 3rd Degree Felony); Family Violence (as a Misdemeanor); and two charges of Assault (as a misdemeanor).

Defendant filed a Motion to Compel Discovery on August 11, 2021, requesting the disclosure of the following discovery materials which the Defendant argues have not been disclosed by the People, despite multiple demands by Defense Counsel:

1. **Pictures/Videos pertaining to the execution of the search warrant**: Defendant claims that specific reference to such recording(s) was made, however, it is not clear to the court where such references were made;
2. **Search Warrant Materials**: Defendant claims that he did not receive the affidavit or any accompanying documents relating to the search warrant;
3. **Witness Rap Sheets**: Defendant seeks the rap sheets of witnesses;
4. **CSI reports/photos**: received 2 CDs containing photos of a vehicle and injuries to the alleged victims and to the Defendant.[1]

The Defendant states that these materials are necessary to prepare a defense for the charges alleged and argue that these discovery requests fall squarely within the Government's statutory and Constitutional delivery obligations. Motion p. 3.

The People filed a Response to Defendant's Motion on August 17, stating that the first two requests (pictures/videos and search warrant materials) have been disclosed. Response p. 2. Additionally, as to the witnesses' rap sheets, the People argue that they have already disclosed that there are no prior criminal convictions divulge. Moreover, the People argue that the Defendant has failed in his moving papers to establish the *materiality* of any other "prior contact with the criminal justice system by a witness" and, should such record contain expunged criminal records, even if the Defendant established that this information is material to the preparation of his defense, in the first instance, any disclosure should be made first to the court *in camera* for final determination of relevance and materiality. Response p. 2, 3 (citing 9 GCA § 70.440).

---

[1] Defendant indicates that his request for medical reports has been satisfied. Motion at 2.

With respect to CSI Photos, the People respond that it has provided all of the photos to the Defendant as obtained from CSI, but are uncertain as to what Defense Counsel is referring to regarding "pictures of a vehicle" and confirm that it has no photos of a vehicle. Response p. 3. There is additional information which the People anticipate it will receive relating to testing of a firearm purportedly involved in this case, and the report from such testing will be provided to the Defendant upon receipt by the People.

Finally, the Defendant seeks all discovery pertaining to suspected crystal methamphetamine, which was found in a room belonging to the alleged victims in this case. Motion at p. 2. The People responded that the Motion is unclear as to what specific materials Defendant seeks in reference to any such drugs, and stated further that "[t]he victims are not charged with these items." Response at p. 4.

During the hearing on September 28, 2021, the parties informed the Court that all discovery requests in Defendant's motion had been resolved except for the request for witness Rap sheets and the methamphetamines that were referred to in one of the police reports provided to the Defendant. This Court now addresses the outstanding discovery pertaining to the Rap Sheets and the suspected methamphetamines referred to in the police report.

III.    **Discussion**

A.    **Discoverability of Witness Rap Sheets**

The criminal discovery provisions set forth in 8 G.C.A § 70.10 *et seq*. strictly define the materials/information that govern the discovery obligations between the People and a criminal defendant. Section 70.10 (a)(1)-(7) specifically identify the material and information "within the prosecution's possession or control, the existence of which is known, or by the exercise of due diligence may become known" as subject to such automatic disclosure.

Discovery mandated under this rule includes:

> (1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;
>
> (2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;
>
> (3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;
>
> (4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;
>
> (5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;
>
> (6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;
>
> (7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

8 G.C.A § 70.10(a)(1)–(7).

Section 70.10(b) extends the prosecution's obligation under subsection (a) "to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office." 8 G.C.A. § 70.10(b). The right to the disclosure of the material in Section 70.10, however, is not absolute. It is fundamental in all demands for the production of discovery in criminal cases, that a Defendant seeking such disclosure must satisfy the threshold requirement of materiality. In this regard, the Guam Supreme Court has held that Section 70.10(b), "like Brady itself, 'imposes a general materiality

requirement upon items before disclosure." *People v. Mateo*, 2017 Guam 22 ¶ 14 (citing *People v. Tuncap*, 1998 Guam 13 ¶ 18).

Further, under 8 GCA § 70.15, for all matters falling outside the discovery obligations of 8 GCA § 70.10, materiality must first be established, and the Court in its discretion may order the disclosure. 8 G.C.A. § 70.15 specifically provides:

> (a) Except as otherwise provided by this Section and §§ 70.20 and 70.30, upon noticed motion by the defendant and a showing of materiality to the preparation of his defense and that the request is reasonable, the court in its discretion may order the prosecuting attorney to disclose to the defendant's attorney any relevant material and information not covered by § 70.10.

> (b) The court may deny the disclosure authorized by this Section if it finds that there is substantial risk to any person of physical harm, intimidation, bribery, economic reprisals or unnecessary annoyance or embarrassment, resulting from such disclosure, which outweighs any usefulness of the disclosure to the defense.

Therefore, as the Guam Supreme Court has noted, a threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically or following a motion by the defendant. *People v. Mateo*, 2017 Guam 22 ¶ 15. Additionally, the Guam Supreme Court in *Mateo* stated, "Mere speculation that a government file *may* contain Brady material is not sufficient to require a remand for *in camera* inspection..." *Id.* (emphasis added). Although this threshold requirement is not difficult to overcome, this general limitation must be considered prior to disclosure. *People v. Tuncap*, 1998 Guam 13 ¶ 18. In order to show materiality, the defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. "A 'reasonable probability' is probability sufficient to undermine the confidence in the outcome." *People v. Fisher*, 2001 Guam 2 ¶ 13 (quoting *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988)).

Although *Mateo* addresses a showing of materiality as it pertains to a request for Internal Affairs reports of the Guam Police Department, the standard for showing materiality is still applicable in this case. Here, the Defense states that the witness Rap sheets are necessary to prepare a defense for the charges alleged, that they carry impeachment value and contain possibly exculpatory information, and, finally, that disclosure would not be unreasonable or oppressive to the Government. Motion p. 3. During the hearing, the Defense also stated that the Rap sheets may contain exculpatory information regarding allegations that the victims were consuming drugs, specifically methamphetamine, on the date of the charged offense and may provide evidence as to the victims' motive for fabrication of the allegations as well as their bias. Hrg. Min 10:48:59AM (Sept. 28, 2021). If the Court were inclined to find that the arrest records may contain exculpatory evidence, the People requested the Rap sheets be submitted for *in camera* review by the Court. Hrg. Min. 10:50:54AM (Sept. 28, 2021).

While "mere speculation" that a government file may contain Brady material is not sufficient to require remand on *in camera* inspection. The Court finds that the Defendant has shown sufficient materiality to his defense to warrant an in camera inspection of the Rap sheets for the particular witnesses here. Specifically, the Defendant articulated that the Rap sheets may contain information as to the alleged victims'/witnesses' consumption of drugs, which could be impeachment or exculpatory evidence. The Court ordered the People to submit the Rap Sheets for *in camera* review during the hearing on the Motion. Hrg. Min. at 10:51:58AM (Sept. 28, 2021).

On September 30, 2021, the People filed the information *Under Seal*. Upon the Court's *in camera* review of the Rap sheets, the Court has determined that the Rap sheets submitted contain no relevant or exculpatory information requiring disclosure to Defendant under the

applicable law. So, while the Defendant made a sufficient showing of materiality in the first instance of Defendant's arrest records during the relevant time period, the Court, in its discretion, will **DENY** the disclosure of the witness Rap sheets to the Defendant.

### B. Discoverability of Information relating to Methamphetamines Mentioned in the Police Report

Defendant claims that police reports provided to him indicate that one police officer confiscated suspected ice in the room occupied by the alleged victims; however, there were no custody receipts or other information, including testing, or any indication as to what is to have been done with the confiscated drugs. In his motion, the Defendant states as follows:

> Additionally, discovery reveals that suspected crystal methamphetamines was found in the room belonging to the alleged victims in this case, Georgiana Perez Rodrigues and John Joseph Gogue. Discovery is silent on this issue. There is no record of any suspected drug seized in any of the GPD custody receipts. Additionally, there is neither discovery pertaining to fingerprinting of the items found in Ms. Rodrigues' room, nor subsequent presumptive or conclusive drug testing of the substance, Defense is unaware of any charges being brought against Ms. Rodrigues or Mr. Gogue.

Motion at p. 2. The People reply that "the victims are not charged with these items" and further that neither is Defendant charged with possession. However, the People do not deny that such drugs were found on the premises "unattended in a bedroom." Id. It is important that the Defendant proffers as part of his defense that the existence of methamphetamines in the residence is material to his defense because it explains what happened between the Defendant and the alleged victims on that day; it evidences the alleged victims' motive to fabricate what occurred; and it supports Defendant's truthfulness as to his actions on that day and the reasons therefor. Hrg. Min. at 10:54:10 AM (Sept. 28, 2021). The existence and confiscation of the drugs by GPD as set forth in the police reports provided during discovery supports Defendant's contention that the incident arose because he was literally trying to "clear the air" of the fumes

which he contends was caused by "someone" in the home consuming ice that day. Id. at 10:54:56 AM to 10:55:35 AM. The consumption of the ice, Defendant argues, was the subject of previous disputes between the Defendant and the alleged victims. Id. at 10:55:25 AM to 10:55:53 AM. As such, it is relevant to Defendant's preparation of his defense to mitigate any of his actions.

Although the Defendant has not provided the Court with any police reports which contain the mention of any methamphetamines found on and purportedly confiscated from the premises, the Court agrees that any all discovery pertaining to the methamphetamines found on the property, including the seizure by the Guam Police Department or other act or investigation, or indeed, non-action, by GPD following the discovery of the drugs shall be provided by the People to the Defendant. This information is material to Defendant's preparation of his defense; therefore, the Court **GRANTS** Defendant's motion with respect to the methamphetamines.

### C. People acknowledges its continuing obligation to disclose Brady material

Under 8 GCA 70.10(a)(7) the People have an ongoing obligation to turn over any exculpatory information. In addition, the People have an obligation to turn over any *Brady* material. In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *People v. Rugante*, 2019 Guam 23, ¶ 7. Impeachment evidence relating to government witnesses constitutes potential *Brady* material. *People v. Fisher*, 2001 Guam 2 ¶ 12; *see also Giglio v. United States*, 405 U.S. 150, 151-55 (1972) (holding evidence relating to credibility of government witnesses falls within *Brady*). In order to establish a *Brady* violation, a defendant must establish each of the following: (1) the alleged *Brady* evidence is favorable to

the defendant because it is exculpatory or impeaching; (2) the government suppressed the evidence, either willfully or inadvertently; and (3) the suppression prejudiced the defendant by depriving him or her of a fair trial. *Mateo*, 2017 Guam 22 ¶ 13 (quoting *People v. Campos*, 2015 Guam 11 ¶ 29)." *People v. Rugante*, 2019 Guam 23, ¶ 7. The People have articulated that they are fully aware of this obligation and have continued to comply with this duty. The Court has been provided with no evidence otherwise.

## IV.    Conclusion

Based on the Court's determinations and *in camera* review of the submitted Rap sheets, the Court DENIES, IN PART, the Defendant's Motion to Compel Discovery as it pertains to the Rap sheets. However, the Court GRANTS, IN PART, the Defendant's Motion to Compel Discovery as to the information relating to the methamphetamines which both parties agree was, at a minimum, found on the premises and mentioned in a police report provided to the Defendant. In preparation for his defense, the Defendant is entitled to discovery relating to what happened following the discovery of the methamphetamines by GPD at the site of the occurrence that is the subject of this Indictment.

DEC 14 2021.

SO ORDERED this _____.

ClllQ

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG of PDSC___
DEC 1 4 2021
_____ 2:56pm
Date          Time
**Cynthia T. Tiong**
Deputy Clerk, Superior Court of Guam